AT NISI PRIUS, AT READING, SEPTEMBER ASSIZES, 1798.

CORAM, YEATES AND SMITH, JUSTICES.

---

ISAAC LEVAN administrator with the will annexed of ISAAC LEVAN, deceased, *against* JOHN FREY.

A jury has not the power of determining in what case the depreciation act does not apply : but it is the province of auditors.

DEBT on obligation, dated 9th January 1779, conditioned for the payment of 80*l.* on the 10th January 1780, with lawful interest. Plea payment, with leave to give the special matter in evidence.

The defendant admitted himself to be liable to the plaintiff for the sum expressed in the condition of the bond, rating the same at 8 for 1 according to the scale of depreciation contained in the same act of 3d April 1781, (1 Dall. St. Laws, 880,) together with interest thereon ; but insisted, the jury could estimate the debt in no other mode than that pointed out by law.

The plaintiff contended, that he was entitled to the nominal sum and interest, and offered to show that the writing obligatory on which the present suit was founded, was given in lieu of another obligation between the same parties, for a debt contracted long before the revolutionary war. He insisted, that it having been determined at Easton, that the depreciation act was binding on juries, and that they could not legally reduce partial payments, it would follow, that where that act did not apply, they had the power of " settling and adjusting the demand, according to equity and good conscience upon due consideration had of the nature and circumstances of the case.

By the court. This is not a necessary consequence of the decision cited. We set here as a court of law, bound by certain known rules. The legislature has not thought proper to clothe the jury with a power of determining in what cases the depreciation act does not apply ; but has invested auditors with that authority, under the control of the court, and has armed them with extraordinary powers to effectuate this end, by examining the parties on interrogatories. Where there is a dispute about depreciation, auditors alone are competent to give relief.

Where no such dispute exists, the intervention of a jury becomes indispensably necessary, and jurors are frequently called upon to decide cases, wherein partial payments have been made in continental money, It would be obviously absurd, that in such instances, there should be any rule restrictive on auditors, but not binding on juries.  We cannot go into the offered proofs, no authority being delegated to us for that purpose ; but we have no difficulty in saying, that if the plaintiff makes out his case before auditors, he will be entitled to his 80*l.* specie, and interest.  Our decision of the principal point, rests as well on precedent as principal.  In a case at Lancaster, between Benjamin Graff and John Witmer, and others, M'Kean, C. J., asserted the same doctrine.

Let the jury therefore be discharged, and the plaintiff apply for the nomination of auditors.

Messrs. Read and Evans, *pro quer.*
Messrs. Clymer and Biddle, *pro def.*